OPINION
Defendant, Jeffrey Warnement, appeals from his conviction and sentence for carrying concealed weapons.
On August 18, 1999, at about 6:30 p.m., Troopers Kathy Durham and Elizabeth Cook of the Ohio Highway Patrol were traveling northbound on I-75 near State Route 41 when they observed a vehicle traveling southbound at an excessive speed. The vehicle was operated by Defendant, Jeffrey Warnement. The troopers clocked Defendant's vehicle on their radar at eighty-six miles per hour, whereupon they crossed the median and began a pursuit., Defendant exited I-75 at State Route 41 and pulled into a gas station. Defendant alighted from his vehicle and entered the station. Troopers Durham and Cook pulled into the station, parked behind Defendant's vehicle, and waited for Defendant to come out. The troopers intended to issue Defendant a citation for speeding.
When Defendant came out of the station Trooper Durham approached him. Trooper Cook remained in the police cruiser. Trooper Durham explained to Defendant why they were citing him and asked for Defendant's license, registration and proof of insurance. Defendant provided his license and proof of insurance but stated his registration was in the glove box of his vehicle. Trooper Durham asked Defendant to get it. Defendant then entered his vehicle on the driver's side, leaned across to the passenger side and opened the glove box. When Defendant opened the glove box, Trooper Durham immediately saw a large knife in a sheath. Defendant placed the knife on the passenger seat.
Trooper Durham walked from the driver's side of Defendant's vehicle to the passenger side, reached in through the open passenger window and grabbed the knife by its handle. Defendant simultaneously grabbed the knife by its sheathed blade, and a tugging match ensued.
Trooper Durham ordered Defendant to let go of the knife but he refused, saying Trooper Durham would have to shoot him to get the knife. Trooper Durham let go of the knife and drew her weapon on Defendant. At this point Trooper Cook exited the police cruiser and drew her weapon on Defendant.
Trooper Durham had repeatedly ordered Defendant to drop the knife, but he steadfastly refused until he saw Trooper Cook, whereupon he threw the knife down. Defendant was arrested for carrying concealed weapons. While being handcuffed, Defendant volunteered that he used the knife for bear hunting, but then said it was an antique he was taking to a friend., Defendant was indicted on one count of carrying concealed weapons in violation of R.C.2923.12(A). Defendant moved to suppress evidence. The trial court overruled the motion following a hearing. Defendant was found guilty following a jury trial and the trial court sentenced him to fifteen months imprisonment.
From his conviction and sentence Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S RULE 29 MOTIONS TO DISMISS AND, THE JURY VERDICT WAS FURTHER AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At the close of the State's case, and again at the close of all of the evidence, Defendant moved for acquittal pursuant to Crim.R. 29. The trial court overruled these motions. Defendant argues that the trial court erred in overruling his motions for acquittal because the evidence presented was insufficient to convict him of carrying concealed weapons., Defendant was found guilty of violating R.C. 2923.12(A), which provides:
 No person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordinance.
Deadly weapon is defined in R.C. 2923.11(A):
 "Deadly weapon" means any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon.
When considering a Crim.R. 29 motion for acquittal, the trial court must construe the evidence in a light most favorable to the State and determine whether reasonable minds could reach different conclusions on whether the evidence proves each element of the offense charged beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261.The motion will be granted only if reasonable mindscould only conclude that the evidence fails to prove all ofthe elements of the crime. State v. Miley (1996), 114 Ohio App.3d 738.
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380.The proper test to apply to such an inquiry is the one setforth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt., Defendant first argues that the evidence is insufficient to prove that the knife in question is a "deadly weapon" because there is no proof that it was designed or specially adapted for use as a weapon, or that Defendant possessed, carried or used it as a weapon. This contention is refuted by Defendant's own statement to police that he used the knife to hunt bear, as well as by the sheer size and nature of this instrument., Defendant further argues that the evidence is insufficient to prove that this knife was readily accessible to him, that is, "concealed ready at hand." This argument is frivolous. The knife was concealed inside the closed but unlocked glove box in the vehicle that Defendant was operating. It was clearly "ready at hand."
Viewing this evidence in a light most favorable to the State, as we must for purposes of a Crim.R. 29 motion, we conclude that a rational trier of fact could find all of the essential elements of carrying a concealed weapon to have been proved beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence and the trial court properly overruled Defendant's Crim.R. 29 motions for acquittal., Defendant additionally asserts that his conviction is against the manifest weight of the evidence.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App.No. 15563, unreported. The proper test to apply to that inquiryis the one set forth in State v. Martin (1983), 20 Ohio App.3d 172,175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way.State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
The evidence presented in this case can hardly be characterized as conflicting. Defendant did not testify at trial. The only defense witness he presented was Trooper Cook who, because she remained inside the police cruiser until she saw Trooper Durham draw her weapon, was unable to see or hear much of what was transpiring between Defendant and Trooper Durham. Even after Trooper Cook exited her police cruiser she still could not see Defendant's hands because of her position and the fact that Defendant had his back turned toward Trooper Cook.
As the trier of fact, it was for the jury to decide which witnesses to believe and the weight to be given to their testimony. State v. DeHass (1967), 10 Ohio St.2d 230; Thompkins,supra. In reviewing this entire record we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice occurred. Defendant's conviction is not against the manifest weight of the evidence.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO SUSTAIN APPELLANT'S MOTION TO SUPPRESS., Defendant complains in this assignment of error that the trial court erred in denying his motion to suppress evidence because the evidence presented at the suppression hearing fails to demonstrate that this knife was a "deadly weapon" as that term is defined by R.C. 2923.11(A) for purposes of a carrying concealed weapons violation.
The record before this court does not exemplify the claimed error. Defendant has not provided this court with those portions of the record necessary to resolve this assigned error, that is, a transcript of the suppression or an App.R.9 statement in lieu thereof. Accordingly, we must presume the regularity and validity of the trial court's proceedings and ruling on the suppression issue, and affirm its judgment. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.
Parenthetically, we note that police had sufficient justification to stop and detain Defendant for the speeding offense he committed in their presence. Once Defendant opened his glove box to retrieve his vehicle registration, Trooper Durham was able to observe the previously concealed weapon in plain view, giving rise to probable cause to arrest Defendant for carrying concealed weapons.
Finally, whether the knife is a "deadly weapon" per R.C.2923.11(A) is a question of fact that can only be determined on the trial of the general issue which the charges against the Defendant presented. Crim.R. 12(B), which authorizes pretrial motions, permits motions concerning matters "capable of determination without the trial of the general issue." That limitation necessarily prevents a pretrial motion of the kind that Defendant filed.
 ________________________ GRADY, P.J.
FAIN, J. and YOUNG, J., concur.